114

258 P.2d 360

**STATE v. LAWLER.**

No. 7907.

Supreme Court of Idaho.

June 10, 1953.

McFadden & McFadden, Plummer, for appellant.

THOMAS, Justice.

The information charges that on or about the 29th day of July, 1951, appellant sold beer to divers persons, to-wit, Lyle Amos, a minor.

Upon the trial, appellant was convicted of the misdemeanor of selling beer to minors in violation of Sec. 23–1013(1), I.C. From this judgment of conviction appellant, on appeal, urges numerous assignments of error including the insufficiency of the evidence to sustain a judgment of conviction.

Without detailing the limited evidence introduced at the trial suffice to state that no witness testified that on the 29th day of July, 1951, appellant sold beer to Lyle Amos or to any other minor; the deputy sheriff testified in substance that he visited the place of business of appellant on July 27, 1951 (this was two days prior to the date the sale was allegedly made) but that he did not see anybody buy beer at the place at that time but he did see Lyle Amos, Gene Bergman and Paul Boudreau, all minors, with beer; Lyle Amos did not testify at the trial; both Gene Bergman and Paul Boudreau testified that each drank beer at the place of business of appellant on the date charged in the information, and both testified they had purchased beer at the place but did not fix the date as to when either of them had purchased beer at appellant's place of business. This constituted all the evidence introduced on behalf of the State and it will be noted there is absolutely no testimony by any of the witnesses that appellant ever sold beer to Lyle Amos, or that she sold beer to either of the other two minor boys on July 29, 1951, the date charged in the information.

In order to sustain a judgment of conviction of a sale of beer to minors there must be evidence of a transaction which amounts in law to a sale. 48 C.J.S., Intoxicating Liquors, §§ 349(a), 349(c)(1), pages 507, 508.

There being a total failure of proof of sale of beer to Lyle Amos on July 29, 1951, it follows that the judgment of conviction should be and the same is hereby reversed, and the cause remanded with instructions to the trial court to enter a judgment of dismissal and exonerate the bail bond of appellant.

PORTER, C. J., and GIVENS and TAYLOR, JJ., and McQUADE, D. J., concur.